# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 13 2013
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| LYLE Q. BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TRACY McCOLLUM, Warden, ) <br> ) <br> Respondent. ) | Case No. CIV 12-169-RAW-KEW |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in Coal County District Court Case No. CF-2006-64 for First Degree Murder.

The respondent alleges the petition is unexhausted, and it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's Judgment and Sentence was entered in Coal County District Court Case No. CF-2006-64 on April 12, 2007. (Docket No. 9-1 at 4). His conviction became final on April 23, 2007, ten days after entry of his Judgment and Sentence, as he did not perfect a direct appeal.[1] *See* Rule 2.5(A), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18., App. He, therefore, had one year until April 23, 2008, to file his federal habeas petition.

On October 3, 2008, petitioner filed an application for post-conviction relief that was denied on October 15, 2008. (Docket No. 9-1 at 4). He did not appeal the post-conviction denial to the Oklahoma Court of Criminal Appeals. The post-conviction action did not toll the limitations period, because it was commenced after the one-year period had expired. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). On April 13, 2012, he filed this petition for a writ of habeas corpus, well beyond the deadline as set forth in the AEDPA.

Petitioner argues in his response to the motion to dismiss that the limitations period should be equitably tolled, because he was on lockdown for a year, he had no knowledge of the AEDPA, and he was denied access to the prison law library. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194

---

[1] Counting only calendar days, the conviction became final on April 22, 2007. Because that day was a Sunday, the next business day of April 23 is the date the conviction was final. *See* Okla. Stat. tit. 25, § 82.1.

2

(2001). *See also Miller v. Marr*, 141 F.3d. 976, 978 (10th Cir. 1998) (holding that equitable tolling was not justified by the fact that petitioner simply did not know about AEDPA time limitation). "A claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller*, 141 F.3d at 978).

The court finds that petitioner has failed to specify any steps he took to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978. Furthermore, there is no evidence that he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his habeas petition. *See Gibson*, 232 F.3d at 808. Therefore, his habeas corpus claims are barred by the one-year statute of limitations.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition [Docket No. 8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this \_\_13th\_\_ day of February 2013.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**

3